Annie La Fleur
vs.                    } Eq. No. 9543.
Alwin Kuehne, et al.

### June 14, 1929.

BLODGETT, P. J. Bill in equity to obtain reconveyance of a lot of land on the ground that grantees obtained a conveyance by undue influence and misrepresentation.

The grantor was an elderly woman. The grantees are the son and daughter-in-law. The deed was executed May 11, 1927, and in this deed grantor declared herself to be a widow. She had married one La Fleur a short time before executing this deed but failed to disclose this fact to her son.

Shortly after this conveyance was made, the son Alwin was committed to the State Insane Asylum at Howard as hopelessly insane.

Testimony of complainant showed that she felt great affection for her son and that the making of a deed of this land had been often the subject of talk between them. The son desired to build a home on this particular lot, a part of other contiguous land owned by complainant, and had urged his mother to convey this to him for that purpose. The mother, in her testimony, expressed a willingness to make this deed at that time and for that purpose. She further alleges that her son had agreed that if he failed to build a house upon this land, he would reconvey same to her. No time limit was testified to as to when this condition was to be effective. Circumstances have since arisen which make this condition unperformable.

The consideration for the conveyance was the affection felt by the mother for the son and the act was a natural act of a mother. Neither mother nor son could anticipate what was about to happen. The testimony also shows that about the time the deed was made the grantees, fearing the grantor was contemplating a second marriage, did urge complainant to make the same. This does not seem to the Court an unnatural act, or that complainant was deceived. Even if the Court believed that the son had promised to reconvey, there is no testimony showing that he had any intention of not carrying out such an alleged agreement as to building a house. The failure to do so was due to conditions over which he had no control. As matters turned out it might perhaps have been better that this deed had not been made, but the Court cannot correct a mistake of judgment deliberately made. The Court is of the opinion that complainant has failed to sustain the allegations of the bill.

Bill dismissed.

For complainant: T. L. Carty.

For respondents: W. M. Caswell.